CONTI LAW
Alexander L. Conti, Bar No. 155945
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Tel:   (949) 791-8555
Fax:   (949) 791-8556
Email:  aconti@conti-law.com

Attorneys for Defendants,
Rural Community Hospitals of America and Paul L. Nusbaum.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack Eskenazi, an individual doing business as American Health Care Capital,<br><br>          Plaintiff,<br><br>          v.<br><br>Rural Community Hospitals of America, a business entity, type unknown; Empower Healthcare LLC, a Florida Limited Liability Company; Rural Health Partners, LLC, a Florida Limited Lability Company; Paul L. Nusbaum, an individual, Jorge A. Perez, an individual, and Does 1 - 50,<br><br>          Defendants. | Case No. 2:17-cv-6172<br><br><br><br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) DIVERSITY** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendants Rural Community Hospitals of America and Paul L. Nusbaum hereby remove the state court action described below.

1. On June 29, 2017, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles entitled <u>Jack Eskenazi dba American Health Care Capital v. Rural Community Hospitals of America, Empower Healthcare, LLC, Rural Health Partners, LLC, Paul L. Nusbaum and Jorge A. Perez</u>, Case No. BC666270. A copy of the complaint is attached hereto as <u>exhibit "A"</u>.

2. Defendant was served with a copy of summons and said complaint on July 27, 2017. <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u> (1999) 526 U.S. 344, 347–48 ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") A copy of the summons is attached hereto as <u>exhibit "B"</u>.

3. A copy of the remaining contents of the state court file is attached as <u>exhibit "C"</u>, including the following:

    (i)    civil case cover sheet and addendum;

    (ii)    proof of service of summons;

    (iii)    proof of service of summons;

    (iv)    notice of case management conference;

    (v)    proof of service of summons;

    (vi)    proof of service of summons.

4. The action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000,

exclusive of interest and costs, because the complaint alleges that plaintiff has been damaged in the sum of $10,000,000.  [See Cmplt. at pg. 11.]

     5.     Complete diversity of citizenship exists in that:

- Plaintiff Jack Eskenazi, dba American Heath Care Capital, is a natural person who is a resident of the State of California.  [See Cmplt. at pg. 2, lines 10-11.]
- Defendant Rural Community Hospitals of America is a limited liability corporation organized and existing under the laws of the State of West Virginia with its principal place of business in the State of Missouri.
- Defendant Empower Healthcare, LLC is a Florida limited liability company with its principal place of business in the State of Florida.
- Defendant Rural Health Partners, LLC is a Florida limited liability company with its principal place of business in the State of Florida.
- Defendant Paul L. Nusbaum is a resident of and domiciled in the State of West Virginia.
- Defendant Jorge A. Perez is a resident of and domiciled in the State of Florida.

6. Defendants Empower Healthcare, LLC, Rural Health Partners, LLC and Jorge A. Perez join in this removal as set forth in the Joinder in Notice of Removal of Action, a copy of which is attached as exhibit "D".

     Respectfully submitted,

Dated:  August 20, 2017          CONTI LAW

          *Alexander L. Conti*

By: /s/    _____
     ALEXANDER L. CONTI
     Attorneys for Defendants,
     Rural Community Hospitals of America and
     Paul L. Nusbaum

EXHIBIT A

A6028    90292

1  **LAW OFFICES OF JONATHAN MARK LEVITAN**
   Jonathan Mark LEVITAN, Esq.
2  State Bar No. 106798
   e-mail: jonathanlevitan@aol.com
3  11620 Wilshire Blvd., Ste. 900
   Los Angeles, California  90025
4  (310) 979-9240

5

6  Attorneys for Plaintiff Jack Eskenazi, d/b/a American Health Care Capital.

**FILED**
Superior Court of California
County of Los Angeles

JUN 23 2017

Sherri R. Carter, Executive Officer/Clerk

By _M. Soto_ , Deputy
Moses Soto

55 - Mackey

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8  **FOR THE COUNTY OF LOS ANGELES**

9

10 | Jack Eskenazi, an individual doing business | **CASE NUMBER:** **BC 6 6 6 2 7 0**
11 | as  American Health Care Capital.
12 |          Plaintiff.                          | Complaint for:
                                                    1. Breach of Contract
13 | vs.                                          | 2. Breach of Contract
                                                    3. Intentional Misrepresentation
14 | Rural Community Hospitals Of America, a      | 4. Unfair Competition
     business entity, type unknown; Empower        5. Declaratory Relief
15 | Healthcare, LLC, a Florida Limited
     Liability Company;  Rural Health Partners,
16 | LLC, a Florida Limited Liability Company;
     Paul L. Nusbaum, an individual and Jorge A.
17 | Perez, an individual and Does 1-50.

18 |          Defendants.

19

20

21

22

23

24

25

26

27

28

1

Complaint

RECEIPT #: CCH524980094
DATE PAID: 06/23/17
PAYMENT: $435.00
RECEIVED:
    CHECK:        $435.00
    CASH:         $0.00
    CHANGE:       $0.00
    CARD:         $0.00

CITYSET: BC666270
LEA/DEF#:

01:57 PM
310

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (AGAINST RURAL COMMUNITY HOSPITALS OF AMERICA)

COMES NOW Jack Eskenazi d/b/a American Healthcare Capital (hereinafter "Plaintiff"):

1. Plaintiff Jack Eskenazi is a resident of the State of California, County of Los Angeles and conducts business as American Health Care Capital.

2. Plaintiff is a nationwide mergers and acquisitions firm focused on the health care industry. It engages in a wide variety of financial transactions in that field. It has been in business for about 25 years and has advised on hundreds of medically related transactions including debt financing, asset sales mergers and acquisitions, joint ventures and partnerships. It has a deep knowledge of the medical field, from a financial aspect and is well known in the industry. Its contacts in its unique industry are unmatched by its peers.

3. Plaintiff is engaged by others in its field to assist, in a variety of ways, in financial planning and strategic consultation. Some of its clients are often in financial distress so they reach out to Plaintiff to devise ways to becoming financially healthy and sound.

4. Defendant Rural Community Hospitals of America, is a business entity type unknown. On information and belief it is a financing and operating company which operates and manages small rural hospitals. It also assists in providing new hospitals to replace older hospitals. On information and belief its President and co-owner is

2

Complaint

1  Paul L. Nusbaum.

2  5.   Empower Healthcare, LLC, is on information and belief, a Florida Limited
3  Liability Company providing a range of health care services in the United States. On
4  information and belief its managing member is Jorge A. Perez.

5  6.   Rural Health Partners, LLC is, on information and belief, a Florida Limited
6  Liability Company operating in the health care business.  On information and belief
7  it's managing member is Jorge A. Perez. On information and belief both Empower
8  Healthcare, LLC and Rural Health Partners are controlled by Jorge Perez and are a "
9  joint business enterprise" as that term is defined at law.  On information and belief,
10  there is a unity of interest and unity of control between Jorge Perez, Rural Health
11  Partners and Empower Healthcare so as to render any distinction between them to be
12  meaningless.  In effect all of the members of the single business enterprise were  one
13  single business enterprise. Inequity would follow if the distinctions were to be
14  maintained. Hereinafter Jorge Perez, Rural Health Partners and Empower Healthcare
15  shall collectively be referred to as the "Perez Defendants".

16  7.The true names and capacities, whether individual, corporate, associate or otherwise,
17  of defendants named herein as Does 1 through 50, inclusive, are unknown to Plaintiff
18  who therefore sues said defendants by such fictitious names and will seek leave of
19  court to amend this complaint to insert their true names and capacities when such has
20  been ascertained.

21  8.   Plaintiff is informed and believes and thereon alleges that each of the
22  fictitiously named defendants is responsible, negligently, or in some other actionable
23  manner or legal theory, for the events and happenings alleged herein which
24  proximately caused injury to Plaintiff as alleged herein.

25

26

27                                            3
                                        Complaint
28

9.    At all times relevant herein, the defendants, and each of them, were the agents, representatives, servants, employees, assistants and the like of their co-defendants, and were, as such, acting within the course and scope of such agency, representation and/or employment and with the permission, authority, knowledge and consent of the other defendants; that each and every defendant was negligent in the selection, hiring, monitoring, supervising and/or continued employment of each and every other defendant as an agent, representative, servant, employee and/or assistant.

10.    Plaintiff is informed and believe and thereon allege that each of the defendants named herein or designated as a Doe was negligently, wantonly, recklessly, maliciously and otherwise tortuously responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, maliciously and otherwise tortuously proximately caused the injuries and damages to Plaintiff as alleged herein.

11.   All acts alleged acts alleged herein unless otherwise specified occurred in the County of Los Angeles, State of California.   As such the court has personal jurisdiction over the defendants in this matter pursuant to California Code of Civil Procedure Section 410.10.

12.    In early 2016 RCHA was in financial distress with the real possibility of a bankruptcy filing or the closing of some of the hospitals RCHA operated. At that time RCHA could not obtain financing for a term loan or accounts receivable financing . In these circumstances and in these dire straits, RCHA reached out to Plaintiff in an attempt to relieve its financial pressure and avoid an economic disaster.

13. On or about January 27, 2016 Plaintiff and RCHA entered into a written agreement entitled " NON-EXCLUSIVE FINDER'S FEE AGREEMENT FOR THE SALE OF A MEDICAL BUSINESS OPPORTUNITY" (hereinafter "RCHA" agreement) A true and correct copy of the RCHA  Agreement is attached hereto as Exhibit 1

4

14. Under the RCHA agreement, Plaintiff would provide a variety of financial services to RCHA in exchange for which Plaintiff would be paid according to the nature of the services provided.

15. Plaintiff has performed all of his obligations under the RCHA Agreement other than those obligations excused or waived by RCHA.

16. The services provided by Plaintiff to RCHA included financial and strategic advice and the introduction of RCHA to the Perez Defendants.

17. On information and belief RCHA and the Perez Defendants have entered into an agreement pursuant to which they are jointly engaged in a business enterprise. Attached hereto as Exhibit 2 is an unsigned letter of intent between RCHA and Rural Health Partners, LLC indicating the existence of a business arrangement between RCHA and the Perez Defendants. On information and belief those defendants have entered into a joint venture or a form of business enterprise in the medical field

18. The introduction of Perez to RCHA is a service which entitles Plaintiff to a fee under the RCHA Agreement

19. RCHA has refused to pay Plaintiff the fee which is due and owing to Plaintiff and as a result RCHA is in breach of its obligations under said Agreement.

20. As a direct and proximate result of actions of the acts of RCHA, Plaintiff has suffered damages in the amount which is currently un-ascertained. Plaintiff will seek leave of Court to amend this amount has been determined.

21. Under section 12 of the RCHA agreement if legal action is instituted by either party to the RCHA agreement the "losing party" shall pay the legal fees of the prevailing party. Plaintiff has been required to retain attorney's to file and maintain this action and is entitled to recover his legal fees and costs from the RCHA.

5

Complaint

## SECOND CAUSE OF ACTION

### (For Breach of Contract)

### (Against Jorge Perez, Empower and Rural Health Partners)

22.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 21 above, as though set forth in full herein.

23.    On or about July 8, 2016 Plaintiff and Empower Healthcare entered into an Agreement (hereinafter "Empower Healthcare Agreement"). A true and correct copy of the Empower Healthcare Agreement is attached hereto as Exhibit 3. Thereafter on or about October 31, 2016 Plaintiff and  Rural Health Partners entered into an agreement (A true and correct copy of the Rural Health Partners Agreement is also attached as Exhibit 3. (Henceforth the Empower Health Care Agreement and the Rural Health Partners Agreement shall be collectively be referred to as the "Perez Agreements")

24.    Under the Perez Agreements, Plaintiff would share certain confidential information with Empower and Rural Health Partners concerning a "10 hospital business opportunity" identified in the agreements as XYHPIA.  This is the code assigned to RCHA by Plaintiff.

25.   Under the Perez Agreements, the Perez Defendants recognized Plaintiff as the procuring cause for the business opportunity.  As such, if any of the Perez Defendants circumvented Plaintiff in connection with the RCHA then each Perez Defendant would owe Plaintiff the same amount to which Plaintiff was entitled under its agreement with RCHA.  The Perez Defendants effectively acted as guarantors of the commission Plaintiff was entitled to under the RCHA agreement.

26.   Plaintiff has performed all of his obligations under the Perez Agreements other than those obligations excused or waived by the Perez Defendants.

27.  One of the services provided by Plaintiff to the Perez Defendants, including Empower,  was to introduce them to RCHA

28.  On information and belief RCHA and Empower have entered into an agreement pursuant to which they are engaged in a business enterprise.  Attached hereto is an unsigned letter of intent between RCHA and Rural Health Partners indicating a business arrangement between RCHA and the Perez Defendants.  On information and belief those defendants have entered into a joint venture in the medical field.

29.  The introduction of RCHA to the Perez Defendants is a service which entitles Plaintiff to a fee under the RCHA Agreement.

30.  RCHA has refused to pay Plaintiff the fee which is due and owing to Plaintiff and as a result RCHA is in breach of its obligations under said Agreement.

31.  The Perez Defendants have refused to pay to Plaintiff the commission due to Plaintiff under the  RCHA agreements and which RCHA has refused to pay.  Under the Perez Agreements, that commission is now due and owing to Plaintiff by the Perez Defendants.

32. As a direct and proximate result of actions of the acts of the Perez Defendants, Plaintiff has suffered damages in the amount which is currently un-ascertained. Plaintiff will seek leave of Court to amend this amount has been determined.

7

Complaint

| 1 | THIRD CAUSE OF ACTION |
|---|---|

**THIRD CAUSE OF ACTION**

(For Fraud -Intentional Misrepresentation)

(Against RCHA and Paul Nusbaum)

33.  Plaintiff repeats and re-allege the allegations of Paragraphs 1 through 32 above, as though set forth in full herein.

34.   In order to induce  Plaintiff to execute the RCHA Agreement Paul Nusbaum made certain representations to Jack Eskenazi.  These representations were made shortly before the RCHA Agreement was executed in a series of phone calls between Mr. Nusbaum and Mr. Eskenazi.

35.   Their representations included but were not limited to the following:

a. That RCHA would pay the fees required of it under the RCHA Agreement.

b. That if Plaintiff provided the services that RCHA requested, RCHA would account for all benefits that RCHA received, disclose those benefits and as a result compensate Plaintiff in a manner consistent with the RCHA agreement.

c.   That RCHA would not go "behind Plaintiff's back" and enter into a business arrangement without notifying Plaintiff of the existence of, and details about, that business arrangement.

36.   Each of the representations and failures to disclose were false at the time RCHA and Nusbaum  made them and RCHA and Nusbaum knew said representations were false at the time they were made.

37.   The representations and failures to disclose were made in order to induce the reliance of  Plaintiff on said statements and induce Plaintiff to execute the RCHA Agreement, provide services and take other actions to Plaintiff's detriment.

38.   Plaintiff justifiably relied on the representations and performed the services, and incurred related costs as a result thereof.

8

Complaint

39. In truth and in fact:

a.   RCHA had no intention of paying fees required of it under the RCHA agreement.

b.   RCHA has never accounted, and did not intend to account, for the RCHA benefits that RCHA received under the RCHA Agreement.  In short, RCHA and Nusbaum intended to and did keep Plaintiff in the dark because RCHA and Nusbaum wanted to avoid paying the fees owed to Plaintiff.

c.   RCHA and Nusbaum went "behind Plaintiff's back" and entered into a business arrangement with the Perez defendants without notifying Plaintiff of the existence of, and details about, that business arrangement.  This is fundamental to Plaintiff's business model since Plaintiff relies on the full disclosure of clients like RCHA to find out what agreements, if any, clients like RCHA have entered into.  Without a full disclosure by clients like RCHA, it is sometimes impossible to find out about these agreements with third parties.

40.   As a proximate result of the foregoing,  Plaintiff has suffered damages in an amount of at least $10,000,000 but in an actual amount  presently unknown.   Plaintiff will seek leave of court to amend this  Complaint when said amount has been ascertained.

41.   Upon information and belief, the foregoing acts of RCHA and Nusbaum were despicable, oppressive and fraudulent, and were committed willfully and with conscious disregard of Plaintiff's rights and with the intention of depriving Plaintiff of its legal and property rights,  or otherwise causing Plaintiff injury.  By reason thereof, Plaintiff is entitled to an award of punitive and exemplary damages pursuant to California Civil Code § 3294 in an amount sufficient to punish RCHA and Nusbaum, and each of them, and to deter similar conduct in the future, according to the wealth of RCHA and Nusbaum, and each of them, as proven at trial.

1

## FOURTH CAUSE OF ACTION

2

### (For Unlawful Business Practices-Against All Defendants)

3   42.   Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 41 as

4   though set forth in full herein.

5   43.   The actions and representations of the defendants,  as described herein were

6   unlawful business practices within the meaning of California Business and Professions

7   Code Section 17200 *et seq*.

8

## FIFTH CAUSE OF ACTION

9

### (For Declaratory Relief-Against All Defendants)

10   44.   Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 43 as

11   though set forth in full herein.

12   45.   A dispute has arisen between the parties concerning their respective rights and

13   obligations under the agreements referred to herein.  That dispute includes whether

14   any present and future business arrangement between RCHA and the Perez Defendants

15   requires the payment of monies to Plaintiff.

16   46.   Plaintiff seeks a determination by this Court as to those rights and obligations as

17   they relate to past and future transactions between RCHA and the Perez Defendants.

18   /

19   /

20   /

21   /

22   /

23   /

24

25

26

27                                    10

28                             Complaint

**PRAYER:**

ON THE FIRST CAUSE OF ACTION

1.    For the sum of $10,000,000.

2.    For additional compensatory and general damages according to proof;

3.    For consequential damages according to proof; and

ON THE SECOND CAUSE OF ACTION

1.    For the sum of $10,000,000.

2.    For compensatory and general damages according to proof;

3.    For consequential damages according to proof; and

ON THE THIRD CAUSE OF ACTION

1.    For the sum of $10,000,000

2.    For compensatory and general damages according to proof;

3.    For consequential damages according to proof; and

4.    For punitive damages according to proof

ON THE FOURTH CAUSE OF ACTION

1.    For the sum of $10,000,0000

2.    For additional compensatory and general damages according to proof;

3.    For consequential damages according to proof; and

ON THE FIFTH CAUSE OF ACTION

1.    For declaratory relief as to the rights and obligations of the parties under the agreements referred to herein; and

Complaint

## ON ALL CAUSES OF ACTION

1. For costs of suit;

2. For attorney's fees and costs; and

3. For such other relief as may be just and proper.

4. For an accounting which would include all benefits the defendants received, or are pending, or are contingent, for the breach of their obligations as described herein.

DATED: June 23, 2017

LAW OFFICES OF JONATHAN MARK LAVATION

By: _____

JONATHAN MARK LEVITAN
Attorneys for Plaintiff Jack Eskenazi, d/b/a
American Health Care Capital,

12
Complaint

# EXHIBIT 1



## NON-EXCLUSIVE FINDER'S FEE AGREEMENT FOR THE SALE OF A MEDICAL BUSINESS OPPORTUNITY

THIS AGREEMENT is by and between Rural Community Hospitals of America (THE COMPANY) and American HealthCare Capital (AHC).

WHEREAS, THE COMPANY is desirous of raising sufficient capital by either debt or equity to overhaul certain Critical Access Hospitals owned by HMC/CAH and managed by THE COMPANY. The business opportunity is headquartered at 1100 Main, Suite 2350 Kansas City, MO 64105. The sought after capital for the business opportunity is Thirty MillionDollars ($30,000,000) based on a certain memorandum provided by THE COMPANY. This finder's agreement is a non-exclusive agreement between THE COMPANY and AHC and does not involve AHC in the sale of any securities but merely an introduction to various parties who are capable of providing the capital as an investment or debt under various formats, herein referred to as the Business Opportunity  and,

WHEREAS, it is contemplated that the form of financing (if approved only by THE COMPANY) may be credits, equity, debt, convertible debt, warrants, options, stocks or combinations thereof but cash is still THE COMPANY's preference; and,

WHEREAS, THE COMPANY desires to enlist the assistance of AHC in obtaining an investor/lender for the Business Opportunity(s) and AHC desires to render such assistance.

NOW, THEREFORE, considering the foregoing, and further considering the hereinafter set forth mutual consideration and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. AHC agrees to use reasonable efforts to introduce THE COMPANY to parties who might provide the capital to invest in the Business Opportunity for THE COMPANY.

2. AHC shall be entitled to receive as a finder's fee, a percentage of the sale price (if sold but not contemplated at this time) equity, debt or both, regardless of the form or amount thereof from any investor within the time frame allotted in this agreement. AHC's finder's fee shall also be calculated with regard to any relief of debt, assumption of debt or affiliate company(s) contained in an offer. In the event of a joint venture, non-cash merger, franchise agreement, strategic alliance, employee stock ownership plan, management arrangement, exchange of stock, or any transaction in which THE COMPANY is a beneficiary as a result of AHC's introduction, AHC will be entitled to receive the greater of its finder's fee for total consideration received by THE COMPANY or a minimum fee that is no less than Two Hundred and Fifty Thousan Dollars ($250,000.00) if each of the following conditions is materially satisfied:

   a. One or more PROSPECTIVE INVESTOR/LENDER introduced to THE COMPANY by AHC offers to participate in all or a portion of the Business Opportunity;

   b. THE COMPANY accepts the offer and terms from any of the PROSPECTIVE INVESTOR/LENDER; and

   c. Any PROSPECTIVE INVESTOR/LENDER and THE COMPANY close on all or any portion of the opportunity AHC shall have earned its full and entire finder's fee upon the closing and funding of the financing provided by any PROSPECTIVE INVESTOR/LENDER to invest in THE COMPANY'S business opportunity. THE COMPANy, by way of this contract, authorizes any PROSPECTIVE INVESTOR/LENDER entering into a contract to invest in THE COMPANY'S business opportunity to pay the full fee due from THE COMPANY directly to AHC, regardless of whether partial or full consideration is paid to THE COMPANY at closing. The fee due AHC will be deducted from the funding source and paid directly to AHC by the

INVESTOR/LENDER. THE COMPANY agrees not to convey title to the business opportunity unless both AHC and THE COMPANY are paid. Such finder's fee shall also become an irrevocable escrow instruction to the escrow holder or equivalent. Instructions for the payment of the fee shall be included in the definitive agreement or equivalent documents used to consummate the transaction. It is agreed and understood that an INVESTOR/LENDER provided by any PROSPECTIVE INVESTOR/LENDER shall, for purposes of this Agreement, be deemed to include any party which the PROSPECTIVE INVESTOR/LENDER might introduce to the transaction and that AHC's finder's fee shall also be calculated with reference to any such party's involvement.

The finder's fee will be determined by the closing price of transaction between THE COMPANY and any PROSPECTIVE INVESTOR/LENDER that AHC introduces to THE COMPANY. The schedule of the finder's fee is as follows:

| EQUITY/DEBT | Finder's Fee |
|---|---|
| Rural Community Hospitals of America | 4% |

3.  AHC agrees and acknowledges that THE COMPANY has entered into a non-exclusive AGREEMENT with AHC whereby AHC will receive a finder's fee of the capital raise, regardless of the form or amount thereof, for THE COMPANY. AHC and THE COMPANY specifically agree that AHC's fees, as described in 2 above; there on will be paid as earned.

4.  The parties hereto acknowledge and it is expressly understood by all parties, that THE COMPANY is under no obligation to accept or close the offer of any PROSPECTIVE INVESTOR/LENDER. Furthermore, if no offer is accepted and no transaction is closed then AHC is not entitled to any fee.

5.  In contacting PROSPECTIVE INVESTOR/LENDERS, AHC shall have the right to utilize the information concerning the Business Opportunity which has been imparted to it by THE COMPANY. Accordingly, AHC covenants not to disclose any PROPRIETARY INFORMATION to any third party other than PROSPECTIVE INVESTOR/LENDERS, or to an agent, employee or assignee of those parties. The PROSPECTIVE INVESTOR/LENDERS will not receive any PROPRIETARY INFORMATION about THE COMPANY until a Confidentiality Agreement has been fully executed.

6.  AHC agrees that it will not use the PROPRIETARY INFORMATION, either directly or indirectly, with or through any family member, or acting alone, or as a member of a partnership or as an officer, director, stockholder, employee, consultant or representative of any company or other competitive business entity, to engage in the business activity or acquire any interest in another company that would cause any conflicts of interest with the Business Opportunity and THE COMPANY.

7.  AHC expressly understands that it does not represent the validity of the PROPRIETARY INFORMATION supplied to it and AHC and THE COMPANY agree and understand that all information provided is subject to normal due diligence requirements. The Company understands and acknowledges that AHC is acting only as a finder and not as a broker.

8.  This Agreement contains the entire agreement between these parties with respect to the transactions herein set forth and it may not be amended or modified except by the Written Agreement of the parties hereto. This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto. In undertaking efforts pursuant to this Agreement, AHC shall not become an agent, employee or assignee of THE COMPANY.

9.  AHC agrees to provide to THE COMPANY, upon request, a detailed list of all interested PROSPECTIVE INVESTORS/LENDERS contacted by AHC within thirty days of a prospective INVESTOR/LENDER expressing an interest in the Business Opportunity. THE COMPANY shall provide a list of prospective INVESTORS/LENDERS that AHC is excluded from calling on because of an already established and pending transaction contemplated prior to this agreement. Said list will be

referred to as Exhibit "A." The Company shall provide AHC with duplicate copies of all letters of intent, definitive agreements and all material correspondence generated by and in response to any Prospective INVESTOR/LENDER introduced by AHC at the time they are received or sent.

10. The term of this Agreement shall be for a period of Thirty (30) days from the executed date below and shall renew continuously for thirty-day intervals until the Business Opportunity is completed or until this Agreement is terminated unconditionally, in writing by either party. Notification of termination may be by fax, e-mail or US Postal Service. All registered Prospective INVESTOR/ LENDERs who have signed a confidentiality agreement regarding the Business Opportunity before the termination of this Agreement shall be honored in accordance with all of the terms and conditions herein.

11. In the event that THE COMPANY enters into an agreement as aforesaid subsequent to the expiration of this agreement, and within three years thereof the date of expiration or cancellation upon THE COMPANY's request, with a party to whom THE COMPANY has been introduced by AHC, the COMPANY agrees to pay AHC the compensation set forth in paragraph 2 above.

12. If legal action is instituted by either party under this agreement, the losing party shall pay all reasonable attorney's fees, costs and expenses incurred by the prevailing party.

13. Each party hereto represents and warrants that it has all necessary authority, power and right necessary to enter into and bind it, its principals and employees to the terms of this agreement. The facsimile transmission of signatures to this agreement shall be valid, legal and binding on all parties hereto.

14. AHC and THE COMPANY agree not to make the contents of this agreement available or known to any third party without the express consent of the other party hereto, unless required to do so by the institution of legal action or required by government regulation or law.

15. All work associated with this agreement shall be performed in Los Angeles at AHC's headquarters.

16. IN WITNESS WHEREOF, the parties have hereunto set their hands and duly executed this Agreement on the day and year indicated below.

17. WHEREAS, AHC understands/acknowledges that HMC/CAH 1) is not a party to this agreement and has not requested or engaged AHC to raise capital (debt or equity) for HMC/CAH, and is not so authorized, 2) is not for sale or offering equity in itself, 3) has not approved or authorized any activities to be undertaken by AHC on its behalf.

Jack I. Eskenazi     Date: 1-27-2016

Paul Nusbaum     Date: 1/27/16

Sr. Vice President     Rural Community Hospitals of America
American HealthCare Capital

**EXHIBIT 2**

**CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital, Fairfax, Oklahoma**

**CAH Acquisition Company 16, d/b/a Haskell County Community Hospital, Stigler, Oklahoma**

WHEREAS, RCHA manages Hospitals owned by HMC; and whereas HMC has substantial debt financed in part by HAC. RCHA Buyer and Seller intend to negotiate the substantive terms of such acquisition, including the terms of Buyer's employment agreements with certain key employees and executives of Seller;



NOW, THEREFORE, the parties enter into this Letter of Intent as follows:

1. **Terms.**  The principal terms of the proposed transaction would be substantially as follows:

    1.1. *Real and Effective Acquisition.*  Subject to the successful due diligence, and the successful negotiation of any adjustment in the proposed purchase price for the Shares, Buyer would acquire the Shares of RHCA.

2. *Consideration.*  Rural Health Partners contemplates an aggregate purchase price for the Shares of RCHA to be set at $25,000,000.00 (Twenty- Five Million Dollars), provided that;

    2.1.1. HAC- Successfully Forecloses the interest in HMC and as such obtains 100% of the assets of HMC.

    2.1.2. RCHA Successfully obtains 100% of the interest in HAC.

    2.1.3. This LOI contemplates that when Rural Health Partners LLC obtains the interest in RCHA, they will effectively be obtaining 100% interest in what is presently owned by RCHA, HMC and HAC.

    2.1.4. The final Purchase Agreement (as defined below) and necessary employment agreements can be successfully negotiated concurrently with each other.

3. *Due Diligence Review.*  Rural Health Partners, LLC, shall have 120 days to conduct their Due Diligence.  The Due Diligence period shall begin promptly following;

    3.1.1. The execution of this Letter of Intent, and

    3.1.2. The Lab Services Agreement

3.1.3.Rural Health Partners, LLC will deposit a non-refundable deposit in the amount of $100,000.00 with RCHA, or their designee.

3.1.4.RCHA will assist Rural Health Partners, complete an examination of your financial, accounting and business records and the contracts and other legal documents listed below. Any information obtained by us as a result thereof will be maintained by us in confidence subject to the terms of the Non-Disclosure Agreement executed by the parties and dated as of October 31, 2016 (the "NDA"). The parties will cooperate to complete due diligence as expeditiously as possible.

4. **In no instance shall the Due Diligence period expire prior to the completion of HAC obtaining 100% of the interest in HMC, and RCHA obtaining 100% of the interest in HAC.**

**Agreements related to Acquisitions and Disposals**

  Hospital / sale agreement

  Joint Venture Agreements

  License Agreements

  Management Agreements

  Service Agreement

  Shareholder Agreement (for all non-wholly owned acquisitions)

  Supply agreement

  Transitional Service Agreements related to acquisition

**Legal documentation of acquisitions**

  Articles of Incorporation for each entity,

  Local Business License

  Certificate of Need

  Active Licenses

  NPI Number/s

  Medicaid Number

  EIN Number

Dunn and Bradstreet Number

Hipaa/ Hitech policies and Procedures

Department Heads and copy of current cv's

Point of Contact for Each Department with Email and Phone

Community Leaders by organization

Community Leaders on staff

| | | |
|---|---|---|
| Asset Registers | Stock Inventory analysis | |
| | Fixed asset inventory (incl. depreciation schedule) | |
| | | Inventory summary |
| | Leased asset list | |
| Asset Reports | Hazard material risk assessments | |
| | Hazardous material disposal agreements | |
| | | Insurance reports |
| | Asset valuation reports | |
| | Asset compliance report by Department ie CT machines X29 Compliant | |
| | Environmental risk assessments | |
| Corporate agreements | Supplier lists, schedules or summaries | |
| | Supply agreements | |
| | | Service agreements |
| | Provider Contracts | |
| | | Maintenance contracts or agreements |
| | Insurance Contracts | |

|  |  |  |  |
|---|---|---|---|
|  | Asset management agreements |  |  |
|  | Concession agreements |  |  |
|  |  | Consulting agreements |  |
| Leases or licenses |  |  |  |
|  | Framework agreements |  |  |
|  | Joint venture agreements |  |  |
|  | Partnership agreements |  |  |
|  | Property contracts, leases or deeds |  |  |
|  | License agreements |  |  |
|  |  | Certificate of Need |  |
| Other contract information |  |  |  |
|  | CLIA/ COLA/ JHACO |  |  |
|  | DEA |  |  |
| Corporate overview and structure |  |  |  |
|  | All other key agreements |  |  |
|  | Register, schedule or list of all contracts or agreements |  |  |
| Corporate documentation |  |  |  |
|  | Company overview (profile) |  |  |
|  | Company structure |  |  |
|  | Corporate Management Diagram |  |  |
|  | Business continuity plan |  |  |
|  |  | Company constitution (articles of association) |  |
| Customers and Marketing, Policies and Procedures |  |  |  |
|  | Evidence of incorporation or registration of the company |  |  |

Operations manual

Collection policy

**Product information**

External communication protocol

Invoice templates

**Debt documentation**

Marketing strategy documentation

Summary of key marketing metrics

Convertible loan agreements

Debt guarantees, indemnities or securities

**Debt summary information**

Facility or loan agreements

Finance leases

Loan note documentation

**Equity documentation**

Register of all loans and other debt interests

Common stock certificates

Convertible share terms

Option or warrant agreements

Preference share terms

Shareholder agreement incl. amendments

**Equity summary information**

Subordination deed

Subscription agreements

| Historic financials | Capital structure | |
| | Shareholder (or member) list | |
| Forecast financials | Annual management reports (incl. all key financial statements) | |
| | | Monthly management reports with key financial statements by department |
| | Signed annual statutory reports (incl. all key financial statements) | |
| | Annual budgets | |
| | Annual forecasts | |
| Financial audits | Financial model | |
| | Operating model | |
| | Quarterly forecasts | |
| Other financial analysis | External audit certificates | |
| | External audit reports | |
| | Internal audit reports | |
| | Cashflow analysis by department | |
| | Creditor accounts payable | |
| | Debtor accounts receivable | |
| | | Charity Care Policy |
| | Other financial analysis, workings or reports | |
| | ER Visits | |
| | ER based admissions | |
| | Patient Days | |

Average Daily Census 3mos 6 mos 12 mos

Average length of stay

Provider mix for admissions

Revenue Cycle Management programs

Revenue Collection Data

Ambulance Transport by month for previous 2 years

EMR Contract

Billing Contract

Policies and procedures

ICD-9 to ICD 10 conversion

Collections

Employee registers

Code of conduct

Contractor or consultant policy

Employment and HR policies

Employee Handbook

Bonus schedules

Contractor or consultant register

Employment agreements

Payroll reports

Staff register

Staff salary schedules

Other HR information

Contractor or consultant agreement

Standard employee agreements

**IT design**

Employee claims or disputes

Employee related insurance arrangements

Staff Hipaa Certification Report

**IT registers**

IT network diagram, including firewall and switch settings

Other documentation of system design or architecture

virus/malware strategies

Program update procedures

Backup procedures and Storage locations

Data breach mitigation policies

**IT agreements**

Data breach reporting strategies.

IT hardware inventory

IT vendor list

**IP registers**

IT partner agreements

IT warranty agreements

Software agreements

Software licenses

**IP documentation**

Intellectual Property Schedule

**Legal Policies**

Domain name registrations and re-registration dates

ISO standard certifications

Patents

Trade mark registrations

Confidentiality policies

Conflict of interest policy

**Legal certificates and licenses**

Data protection policy

Disclosure policies

Security policy

**Legal registers**

Accreditation certificates

Business licenses, regulatory approvals or registrations

Compliance certificates

**Legal reports**

Breach register

Litigation register

Hospital contractual obligations

Compliance reports

Hipaa/Hitech Audits

Meaningful Use attestations Stage 1 forward

Meaningful use backup documentation

Hitech Gap Assessment

Correspondence with tax authorities

Vendor RFP's submitted for previous 12/24 months

**Tax documentation**

**Tax calculation**

Notices and assessments from tax authorities

Tax returns
Property Tax status
Intangible Tax Status
941 Tax Status
Tax Exemption certificates

Tax calculation workings

Tax depreciation (fixed asset) schedule
or register

**Vendor diligence
materials**

Other Government rates and changes

Tax concessions

**Rules,
agreements and
checklists**

Vendor Contracts and Reports

5. *Definitive Purchase Agreement.*  All of the terms and conditions of the proposed transactions
   will be set forth in the Purchase Agreement and employment agreements, to be negotiated in
   good faith concurrently with each other, and if agreed, executed by you and us.  Neither party
   intends to be bound by any oral or written statements or correspondence concerning the
   Purchase Agreement or employment agreements arising during the course of negotiations,
   notwithstanding that the same may be expressed in terms signifying a partial, preliminary or
   interim agreement between the parties.

6. *Conduct in Ordinary Course.*  In addition to the conditions discussed herein and any others to
   be contained in a definitive written stock purchase agreement (the "Purchase Agreement"),
   consummation of the acquisition would be subject to having conducted your business in the
   ordinary course during the period between the date hereof and the date of closing and there
   having been no material adverse change in your business, financial condition or prospects.
   Seller shall not be liable in the event of any Buyer determination that Seller did not conduct
   its business in the ordinary course, or for any adverse changes Buyer may deem to have
   occurred.

7. *Contract of Employment.* Simultaneously with the execution of the final Purchase Agreement, we would offer employment to certain individuals currently employed by Seller and or HMC or HAC. RCHA hereby agree to accept such negotiations and eventual employment, pursuant to the negotiation of mutually acceptable employment agreements. It is agreed that continued employment of these key individuals shall not violate any NDA provision, or any other business negotiation provision.

8. **Expenses & Limitation of Liability.** You and we will pay our respective expenses incident to this Letter of Intent, the Purchase Agreement, the employment agreements and the transactions contemplated hereby and thereby, and NEITHER PARTY SHALL BE LIABLE TO THE OTHER FOR ANY CAUSE WHATSOEVER ARISING UNDER THIS LETTER OF INTENT.

9. **Public Announcements.** Neither you nor we will make any announcement of the proposed transaction contemplated by this Letter of Intent prior to the execution of the Purchase Agreement, employment agreements and deposit of the required funds, without the prior written approval of the other, which approval will not be unreasonably withheld or delayed. The foregoing shall not restrict in any respect your or our ability to communicate information concerning this Letter of Intent and the transactions contemplated hereby to your and our, and your and our respective affiliates', officers, directors, employees and professional advisers, and, to the extent relevant, to third parties whose consent is required in connection with the transaction contemplated by this Letter of Intent.

10. **Broker's Fees.** American Healthcare Capital has been engaged by the Seller, RCHA. Rural Health Partners honors this agreement and will comply with the terms of any agreement, to which we have been provided. In no event shall Rural Health Parters, be responsible for payment of any fee of any type kind or nature to American Healthcare Capital in addition to the purchase price!

11. **Exclusive Negotiating Rights.** In order to induce us to commit the resources, forego other potential opportunities, and incur the legal, accounting and incidental expenses necessary properly to evaluate the possibility of acquiring the outstanding capital stock and business described above, and to negotiate the terms of, and consummate, the transactions contemplated hereby, including the employment agreements, you agree that for a period of ninety (90) days after the date hereof, you, your affiliates and your and their respective officers, directors, employees and agents shall not initiate, solicit, encourage, directly or indirectly, or accept any offer or proposal, regarding your employment and/or the possible acquisition of substantially all outstanding capital stock of RCHA, by any person other than

us, including, without limitation, by way of a purchase of majority shares, purchase of substantially all assets or merger, of all or any substantial part of your equity securities or assets, and shall not (other than in the ordinary course of business as heretofore conducted) provide any confidential information regarding your assets or business to any person other than us and your and our representatives, without our prior written consent.

12. **Miscellaneous.** This letter shall be governed by the substantive laws of the State of Florida without regard to conflict of law principles. This letter, together with the aforementioned NDA, constitutes the entire understanding and agreement between the parties hereto and their affiliates with respect to its subject matter and supersedes all prior or contemporaneous agreements, representations, warranties and understandings of such parties (whether oral or written). No promise, inducement, representation or agreement, other than as expressly set forth herein, has been made to or by the parties hereto. This letter may be amended only by written agreement, signed by the parties to be bound by the amendment. Evidence shall be inadmissible to show agreement by and between such parties to any term or condition contrary to or in addition to the terms and conditions contained in this letter. This letter shall be construed according to its fair meaning and not strictly for or against either party.

13. **Obligation.** THIS LETTER OF INTENT DOES NOT CONSTITUTE OR CREATE, AND SHALL NOT BE DEEMED TO CONSTITUTE OR CREATE, ANY LEGALLY BINDING OR ENFORCEABLE OBLIGATION ON THE PART OF RURAL HEALTH PARTNERS LLC. RURAL HEALTH PARTNER'S OBLIGATION SHALL BE CREATED, BY THE EXECUTION AND DELIVERY OF THE PURCHASE AGREEMENT AND EMPLOYMENT AGREEMENTS CONTAINING SUCH TERMS AND CONDITIONS OF THE PROPOSED TRANSACTIONS AS SHALL BE AGREED UPON BY THE PARTIES, AND THEN ONLY IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF SUCH PURCHASE AGREEMENT AND EMPLOYMENT AGREEMENTS. RCHA ON THE OTHER HAND AGREES THAT FOR AND IN CONSIDERATION OF THE $100,000.00 NON-REFUNDABLE DEPOSIT TO HEREBY COMMIT AND BE BOUND TO ENTER INTO AN ASSET/STOCK PURCHASE AGREEMENT WITH RURAL HEALTH PARTNERS THAT CONTAINS A MAXIMUM PRICE OF $25,000,000.00 (TWENTY-FIVE MILLION DOLLARS) The NDA is hereby ratified and confirmed as a separate agreement between the parties thereto.

By my signature below on this the _____ day of November, 2016 I am stating my acceptance of this Letter of Intent, and agree to be bound by it's terms to the extent they are stated above.

_____        _____
Jorge A. Perez, CEO                                    Paul Nusbaum
For Rural Health Partners LLC                    For Rural Community Hospital Association

_____          _____
Witness as to Jorge A. Perez                     Witness as to Paul Nusbaum

**EXHIBIT 3**

DocuSign Envelope ID: FDBBF961-42E0-4A7C-91... 652631711A01

*4*



# AMERICAN HEALTHCARE CAPITAL

Jt Lander

Rural Health Partners

SVP Business Development

125 SW 7th St

Williston, FL 32696

Dear

Jt        :

This Confidentiality Agreement ("Agreement") is effective <u>10/31/2016</u>, by and between American HealthCare Capital ("AHC") and <u>Rural Health Partners</u>

("Prospective Buyer").

Whereas, AHC desires to share certain information with the Prospective Buyer for the purpose of evaluation for the acquisition of the subject company – **XYHS1A** ("The Company") described as "10 Hospital Investment Opportunity".

Whereas, the Prospective Buyer understands and acknowledges that such information concerning The Company is confidential and proprietary information ("Proprietary Information").

Now, therefore, in consideration of the agreement set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which AHC and the Prospective Buyer hereby acknowledge AHC and the Prospective Buyer acknowledge and agree as follows:

1. Recitals: The above recitals are true and correct and are made a part of this agreement.

2. Confidentiality:

a) The Prospective Buyer agrees and covenants that all information, knowledge, data and records, whether written or otherwise, of whatsoever kind or nature not generally available to the public, including but not limited to, any information which relates to patient and/or physician names or medical information, The Company's operations, policies and procedures, personnel matters, financial information, business and operational plans, company contracts, or other information or documents of a confidential nature relating to the ownership or operation of The Company or concerning any officers, directors, owners, shareholders, employees, agents, servants, representatives and/or consultants of The Company, which is acquired or is made available to the Prospective Buyer shall be regarded as strictly confidential and/or trade secrets of The Company.

b) The Prospective Buyer agrees that, for a period of two years, it will not at any time reveal, communicate or divulge any Proprietary Information to any persons, corporations, or other entities without the express prior written consent of The Company.

c) The Prospective Buyer further agrees that it will deliver all Proprietary Information, and any copies, duplicates or reproductions of whatsoever kind relating to Proprietary

4333 Admiralty Way • Marina Del Rey, CA 90292

Tel: (310) 437-4422 • Fax: (310) 437-4448 • Email: info@americanhealthcarecapital.com

DocuSign Envelope ID: FDBBF961-42E0-4A7C-9104-652631711A01



# AMERICAN HEALTHCARE CAPITAL

Information, which are in the Prospective Buyer's possession, to The Company at any time upon The Company's request.

d) The Prospective Buyer agrees to take all necessary steps to prevent disclosure of Proprietary Information to any non-employees or non-assigns of the Prospective Buyer.

e) The Prospective Buyer agrees that any information furnished with respect to The Company has been provided by The Company. AHC makes no representations or warranties regarding such information and shall not be responsible for the accuracy of such information.

3. Miscellaneous:

a) This agreement shall be binding upon, and inure to the benefit of the undersigned parties and their respective legal representatives, assigns, directors, officers, shareholders, agents, servants and employees. The parties hereto are not, nor shall they become by virtue of this Agreement or any actions taken pursuant thereto, joint ventures, partners, employed by one and the other, or agents of one and the other.

b) Prospective Buyer will not contact the Seller, Seller's employees, suppliers or customers except through American HealthCare Capital.

c) All Information is provided by The Company and is not verified in any way by AHC. AHC is relying on The Company for the accuracy and completeness of said information, has no knowledge of the accuracy of said information and makes no warranty, express or implied, as to such Information. Prior to finalizing an agreement to purchase a business, it is the Prospective Buyer's responsibility to make an independent verification of all Information.

d) The Prospective Buyer recognizes American HealthCare Capital as the original procuring cause for the seller in the possible purchase of the identified business opportunity within this document. If the Prospective Buyer circumvents AHC in the purchase of any business presented by AHC, Prospective Buyer agrees to pay AHC the full commission provided in the Fee Agreement between The Company and AHC.

e) The Prospective Buyer agrees that all correspondence, letters of intent and contracts will make reference to American HealthCare Capital as the original procuring cause with an automatic copy to American HealthCare Capital concurrently when sent to the seller.

In witness whereof, AHC and the Prospective Buyer have each caused its respective corporate name to be signed by its duly authorized officer effective on the date first written above.

| American HealthCare Capital | Rural Health Partners |
|---|---|
| Signature: *Jack J. Eskenazi* | Signature: *Jt Lander* |
| Name: Jack J. Eskenazi | Name: Jt Lander |
| Title: Senior Vice President | Title: SVP Business Development |
| Date: 11/1/2016 | Date: 10/31/2016 |

4333 Admiralty Way • Marina Del Rey, CA 90292
Tel: (310) 437-4422 • Fax: (310) 437-4448 • Email: info@americanhealthcarecapital.com

# AMERICAN HEALTHCARE CAPITAL

Jorge Perez
Empower Healthcare, LLC
8770 SW 72nd St #412
Miami, FL 33173

Dear Jorge:

This Confidentiality Agreement ("Agreement") is effective_____, by and between American HealthCare Capital ("AHC") and _____Empower Healthcare, LLC_____ ("Prospective Buyer").

Whereas, AHC desires to share certain information with the Prospective Buyer for the purpose of evaluation for the acquisition of the subject company — **XYHS1A** ("The Company") described as "10 Hospital Investment Opportunity"

Whereas, the Prospective Buyer understands and acknowledges that such information concerning The Company is confidential and proprietary information ("Proprietary Information").

Now, therefore, in consideration of the agreement set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which AHC and the Prospective Buyer hereby acknowledge AHC and the Prospective Buyer acknowledge and agree as follows:

1. Recitals: The above recitals are true and correct and are made a part of this agreement.

2. Confidentiality:
   a) The Prospective Buyer agrees and covenants that all information, knowledge, data and records, whether written or otherwise, of whatsoever kind or nature not generally available to the public, including but not limited to, any information which relates to patient and/or physician names or medical information, The Company's operations, policies and procedures, personnel matters, financial information, business and operational plans, company contracts, or other information or documents of a confidential nature relating to the ownership or operation of The Company or concerning any officers, directors, owners, shareholders, employees, agents, servants, representatives and/or consultants of The Company, which is acquired or is made available to the Prospective Buyer shall be regarded as strictly confidential and/or trade secrets of The Company.
   b) The Prospective Buyer agrees that, for a period of two years, it will not at any time reveal, communicate or divulge any Proprietary Information to any persons, corporations, or other entities without the express prior written consent of The Company.
   c) The Prospective Buyer further agrees that it will deliver all Proprietary Information, and any copies, duplicates or reproductions of whatsoever kind relating to Proprietary



# AMERICAN HEALTHCARE CAPITAL

Information, which are in the Prospective Buyer's possession, to The Company at any time upon The Company's request.

d) The Prospective Buyer agrees to take all necessary steps to prevent disclosure of Proprietary Information to any non-employees or non-assigns of the Prospective Buyer.

e) The Prospective Buyer agrees that any information furnished with respect to The Company has been provided by The Company. AHC makes no representations or warranties regarding such information and shall not be responsible for the accuracy of such information.

3. Miscellaneous:

a) This agreement shall be binding upon, and inure to the benefit of the undersigned parties and their respective legal representatives, assigns, directors, officers, shareholders, agents, servants and employees. The parties hereto are not, nor shall they become by virtue of this Agreement or any actions taken pursuant thereto, joint ventures, partners, employed by one and the other, or agents of one and the other.

b) Prospective Buyer will not contact the Seller, Seller's employees, suppliers or customers except through American HealthCare Capital.

c) All Information is provided by The Company and is not verified in any way by AHC. AHC is relying on The Company for the accuracy and completeness of said Information, has no knowledge of the accuracy of said information and makes no warranty, express or implied, as to such Information. Prior to finalizing an agreement to purchase a business, it is the Prospective Buyer's responsibility to make an independent verification of all Information.

d) The Prospective Buyer recognizes American HealthCare Capital as the original procuring cause for the seller in the possible purchase of the identified business opportunity within this document. If the Prospective Buyer circumvents AHC in the purchase of any business presented by AHC, Prospective Buyer agrees to pay AHC the full commission provided in the Fee Agreement between The Company and AHC.

e) The Prospective Buyer agrees that all correspondence, letters of intent and contracts will make reference to American HealthCare Capital as the original procuring cause with an automatic copy to American HealthCare Capital concurrently when sent to the seller.

In witness whereof, AHC and the Prospective Buyer have each caused its respective corporate name to be signed by its duly authorized officer effective on the date first written above.

| American HealthCare Capital | Empower Healthcare LLC |
|---|---|
| Signature: | Signature: |
| Name: STEPHANIE CARTO | Name: Jorge Perez |
| Title: General Manager | Title: CEO |
| Date: 7/8/16 | Date: 07/08/2016 |

4333 Admiralty Way • Marina Del Rey, CA 90292
Tel: (310) 437-4422 • Fax: (310) 437-4448 • Email: info@americanhealthcarecapital.com

EXHIBIT B

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** Rural Community Hospitals Of
*(AVISO AL DEMANDADO):* America, a business entity, type
unknown; Empower Healthcare, LLC, a Florida Limited
Liability Company; Rural Health Partners, LLC, a
Florida Limited Liability Company; Paul L. Nusbaum,
an individual and Jorge A. Perez, an individual and
Does 1-50.

**YOU ARE BEING SUED BY PLAINTIFF:** Jack Eskenazi, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual doing
business as  American Health Care Capital.

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
Superior Court of California
County of Los Angeles

**JUN 23 2017**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Moses Soto

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court
111 North Hill Street
Los Angeles, CA 90012
Central District

**CASE NUMBER:**
*(Número del Caso):*
**BC 666270**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan M. Levitan. State Bar #106798      310-979-9240
11620 Wilshire Boulevard, Suite 900
Los Angeles, CA 90025

DATE: **JUN 23 2017**      SHERRI R. CARTER      Clerk, by _____ M. Soto , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465



EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jonathan M. Levitan, State Bar # 106798
11620 Wilshire Boulevard, Suite 900
Los Angeles, CA 90025

TELEPHONE NO.: 310-979-9240     FAX NO.:
ATTORNEY FOR (Name): Jack Eskenazi

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District.

**FILED**
Superior Court of California
County of Los Angeles

JUN 23 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

**By Fax**

CASE NAME: Jack Eskenazi v. Rural Community Hospitals
of America, et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: | BC 660270 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Five

5. This case [ ] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 23, 2017

Jonathan M. Levitan, State Bar # 106798
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: Jack Eskenazi, v. Rural Community Hospitals of America, et.al. | CASE NUMBER | BC 666270 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

By Fax

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto (22)** | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| **Uninsured Motorist (46)** | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Asbestos (04)** | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| **Product Liability (24)** | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| **Medical Malpractice (45)** | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| **Other Personal Injury Property Damage Wrongful Death (23)** | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

*Left margin labels: Auto Tort; Other Personal Injury/ Property Damage/ Wrongful Death Tort*

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
LA-CV109

| SHORT TITLE: Jack Eskenazi, v. Rural Community Hospitals of America, et.al. | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**  
**AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 2 of 4

| SHORT TITLE: Jack Eskenazi, v. Rural Community Hospitals of America, et.al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Jack Eskenazi, v. Rural Community Hospitals of America, et.al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: 4333 Admiralty Way, Marina del Rey |
|---|---|
| **CITY:** Marina Del Rey | **STATE:** CA | **ZIP CODE:** 90292 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __June 23, 2017__

(SIGNATURE OF ATTORNEY/FILING PARTY)

Jonathan Levitan

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and add...* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF JONATHAN LEVITAN<br>11620 Wilshire Blvd Ste 900  Los Angeles, CA 900256897 | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 11 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Raul Sanchez |
| TELEPHONE NO.: (310) 979-9240 | FAX NO. (310) 494-0068 | E-MAIL ADDRESS *(Optional)*: jonathanlevitan@aol.com |
| ATTORNEY FOR *(Name)*: Plaintiff: |

| STANLEY MOSK COURTHOUSE | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST. | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: | |

| PLAINTIFF: Jack Eskenazi,et al | CASE NUMBER: BC666270 Dept: 55 |
|---|---|
| DEFENDANT: Rural Community Hospitals of America,et al | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Eskenazi |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: Addendum,Notice of Case Assignment,Stipulation Package
3. a. Party served *(specify name of party as shown on documents served)*:
   **Empower Healthcare, LLC,a Florida Limited Liability Company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Jorge Perez - Managing Member**
4. Address where the party was served:  **8770 SW 72nd St # 412**
   **Miami, FL 33173-3512**
5. I served the party *(check proper box)*
   a. ☐ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* 7/11/2017  at  *(time):* 1:27 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   **Adriana Gutieriez - Proprietor of the CMRA The UPS Store**

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
      (3) ☑ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  or ☑ a declaration of mailing is attached.
      (5) ☐ I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

07/12/2017

|  | Page 1 of 2 |
|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/CW199810 |

| PETITIONER: Jack Eskenazi,et al | CASE NUMBER: |
| RESPONDENT: Rural Community Hospitals of America,et al | BC666270 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                          (2) *from (city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☑ **by other means** *(specify means of service and authorizing code section)*:
    **B&P CCP 17538.5**

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*: **Empower Healthcare, LLC,a Florida Limited Liability Company**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☑ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Ivan Lopez - Cal West Attorney Services, Inc**
  b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
  c. Telephone number: **(213) 353-9100**
  d. The fee for service was: **$ 150.00**
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner      ☐ employee      ☐ independent contractor.
      (ii) Registration No.: **CPS 2309**
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **7/11/2017**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

**Ivan Lopez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| LAW OFFICES OF JONATHAN LEVITAN<br>11620 Wilshire Blvd Ste 900<br>Los Angeles, CA 900256897<br>*E-MAIL ADDRESS (Optional):* jonathanlevitan@aol.com<br>*TELEPHONE No.:* (310) 979-9240   *FAX No. (Optional):* (310) 494-0068<br>*Attorney for:* Plaintiff | | |

| Ref No. or File No.: |
|---|
| Eskenazi |

*Insert name of Court, and Judicial District and Branch Court:*
**STANLEY MOSK COURTHOUSE -**

*Plaintiff:* Jack Eskenazi,et al

*Defendant:* Rural Community Hospitals of America,et al

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE: | TIME: | DEPT.:<br>55 | CASE NUMBER:<br>BC666270 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Addendum,Notice of Case Assignment,Stipulation Package8-6;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as  follows:

    a. Date of Mailing:               7/11/2017

    b. Place of Mailing:            Los Angeles, CA

    c. Addressed as follows:      Empower Healthcare, LLC,a Florida Limited Liability Company<br>                                      8770 SW 72nd St # 412<br>                                        Miami, FL 33173-3512

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: **$ 150.00**
    **Cal West Attorney Services, Inc**
    **3201 W. Temple Street**
    **Los Angeles, CA 90026**
    **(213) 353-9100**
    **Ref: Eskenazi**

I declare under penalty of perjury under the laws of The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on 7/11/2017.

Signature: _____
                           **Carmen Rivera**

Order#: CW199810/mailproof

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF JONATHAN LEVITAN<br>11620 Wilshire Blvd Ste 900  Los Angeles, CA 900256897<br><br>TELEPHONE NO.: (310) 979-9240 \| FAX NO. (310) 494-0068 \| E-MAIL ADDRESS *(Optional):* jonathanlevitan@aol.com<br>ATTORNEY FOR *(Name):* Plaintiff: | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 11 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Raul Sanchez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **STANLEY MOSK COURTHOUSE**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME:

| | |
|---|---|
| PLAINTIFF: Jack Eskenazi | CASE NUMBER: BC666270 Dept: 55 |
| DEFENDANT:  Rural Community Hospitals of America,et al | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:  Eskenazi |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):*  Addendum,Notice of Case Assignment,Stipulation Package

3. a.  Party served *(specify name of party as shown on documents served):*
   **Rural Health Partners, LLC,a Florida Limited Liability Company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Jorge Perez - Managing Member**

4. Address where the party was served: **13727 SW 152nd St # 125**
   **Miami, FL 33177-1106**

5. I served the party *(check proper box)*

   a. ☐ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* 7/11/2017 at *(time):* 1:44 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Juan Hernandez - Proprietor of the CMRA Mail Mart USA**

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☑ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*      or ☑ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

07/12/2017

Page 1 of 2

| PETITIONER: Jack Eskenazi | CASE NUMBER: |
|---|---|
| RESPONDENT: Rural Community Hospitals of America, et al | BC666270 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☑ **by other means** *(specify means of service and authorizing code section):*
    **B&P CCP 17538.5**

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **Rural Health Partners, LLC,a Florida Limited Liability Company**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☑ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Ivan Lopez - Cal West Attorney Services, Inc**
  b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
  c. Telephone number: **(213) 353-9100**
  d. The fee for service was: **$ 150.00**
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner    ☐ employee    ☐ independent contractor.
      (ii) Registration No.: **CPS 2309**
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **7/11/2017**
**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

**Ivan Lopez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶    (SIGNATURE)

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| LAW OFFICES OF JONATHAN LEVITAN<br>11620 Wilshire Blvd Ste 900<br>Los Angeles, CA 900256897<br>E-MAIL ADDRESS (Optional): jonathanlevitan@aol.com<br>TELEPHONE No.: (310) 979-9240  FAX No. (Optional): (310) 494-0068 | | |
| Attorney for: Plaintiff | Ref No. or File No.:<br>Eskenazi | |

| Insert name of Court, and Judicial District and Branch Court: | | | | |
|---|---|---|---|---|
| STANLEY MOSK COURTHOUSE - | | | | |
| Plaintiff: Jack Eskenazi | | | | |
| Defendant: Rural Community Hospitals of America, et al | | | | |

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE: | TIME: | DEPT.:<br>55 | CASE NUMBER:<br>BC666270 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Addendum, Notice of Case Assignment, Stipulation Package7-6;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

   a. Date of Mailing:            7/11/2017

   b. Place of Mailing:           Los Angeles, CA

   c. Addressed as follows:       Rural Health Partners, LLC, a Florida Limited Liability Company
                                   13727 SW 152nd St # 125
                                   Miami, FL 33177-1106

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: $ 150.00

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**Ref: Eskenazi**

I declare under penalty of perjury under the laws of The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on 7/11/2017.

Signature: _____

**Carmen Rivera**

## PROOF OF SERVICE BY MAIL

Order#: CW199816/mailproof

55

NOTICE SENT TO:

Levitan, Jonathan Mark, Esq.
Law Offices of Jonathan Mark Levitan
11620 WILSHIRE BOULEVARD, SUITE 900
LOS ANGELES,          CA  90025-6547



**FILED**
Superior Court of California
FILE STAMP—County of Los Angeles

**JUL 25 2017**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Myra Kinney

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| JACK ESKENAZI  <br> Plaintiff(s), <br> VS. | BC666270 |
| RURAL COMMUNITY HOSPITALS OF AMERICA ET  <br> Defendant(s). | **NOTICE OF CASE  <br> MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  December 6, 2017  at  8:30 am  in  Dept. 55  at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE  <br>DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  July 25, 2017                                        MALCOLM H  Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a  separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date:  July 25, 2017

Sherri R. Carter, Executive Officer/Clerk

_____, Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jonathan M. Levitan. State Bar #106798<br>11620 Wilshire Boulevard, Suite 900<br>Los Angeles, CA 90025<br><br>TELEPHONE NO: 310-979-9240   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Jack Eskenazi | **FOR COURT USE ONLY**<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**AUG 02 2017**<br><br>Sherri R. Carter Executive Officer/Clerk<br>By_____ Deputy<br>Marlon Gomez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jack Eskenazi | CASE NUMBER:<br>BC 666270   D.55 |
| DEFENDANT/RESPONDENT: Rural  Community Hospitals of America, et.al | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Paul L. Nusbaum

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Rural Community Hospitals of America, 1700 Swift Street, Suite 200, North Kansas City, MO 64116

5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):*   (2) at *(time):*

   b. [X] by substituted service. On *(date):* 07/27/17  at *(time):* 4.21 p.m.  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*  Dale Farrell, person in charge of office
   - (1) [X] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   - (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   - (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   - (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 7/27/17 from *(city):* Kansas City, Mo  or [ ] a declaration of mailing is attached.
   - (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
ℚ Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Jack Eskenazi | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Rural   Community Hospitals of America, | BC 666270 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. **Person who served papers**
  a. Name: Lisa L. Scott
  b. Address: 409 NE Shady Lane, Kansas City, MO 64118
  c. Telephone number: 1-816-9123070
  d. The fee for service was: $ 85
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 8-1-17

Lisa L. Scott
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jonathan M. Levitan. State Bar #106798<br>11620 Wilshire Boulevard, Suite 900<br>Los Angeles, CA 90025<br><br>TELEPHONE NO: 310-979-9240  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Jack Eskenazi | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**AUG 02 2017**<br><br>Sherri R. Carter Executive Officer/Clerk<br>By _____ Deputy<br>Marion Gomez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jack Eskenazi | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Rural  Community Hospitals of<br>America, et.al | BC 666270  D55 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Rural  Community Hospitals of America
   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Dale Farrell, CFO

4. Address where the party was served: Rural Community Hospitals of America, 1700 Swift Street, Suite 200, North Kansas City, MO 64116
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. [x] **by substituted service.** On *(date):* 07/27/17  at *(time):* 4.21 p.m.  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):* Dale Farrell, CFO of Rural Community Hospitals of America
      (1) [x] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [x] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 7/27/17  from *(city):* Kansas City, Mo  or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

By Fax 18

| PLAINTIFF/PETITIONER: Jack Eskenazi | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Rural Community Hospitals of America, | BC 666270 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* Rural Community Hospitals of America

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☒ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)

                         ☐ other:

7.  Person who served papers

  a. Name: Lisa L. Scott

  b. Address: 409 NE Shady Lane, Kansas City, MO 64118

  c. Telephone number: 1-816-9123070

  d. The fee for service was: $ 85

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

      (i) ☐ owner   ☐ employee   ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8.  ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 9-1-17

Lisa L. Scott
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

EXHIBIT D

1  CONTI LAW
   Alexander L. Conti, Bar No. 155945
2  23 Corporate Plaza, Suite 150
3  Newport Beach, CA 92660
   Tel:   (949) 791-8555
4  Fax:   (949) 791-8556
   Email:  aconti@conti-law.com
5
6  Attorneys for Defendants,
   Rural Community Hospitals of America and Paul L. Nusbaum.
7

8

9

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  Jack Eskenazi, an individual doing business as American Health Care Capital, | Case No. |
| 15              Plaintiff, | |
| 16              v. | |
| 17  Rural Community Hospitals of America, a business entity, type unknown; Empower Healthcare LLC, a Florida Limited Liability Company; Rural Health Partners, LLC, a Florida Limited Lability Company; Paul L. Nusbaum, an individual, Jorge A. Perez, an individual, and Does 1 - 50, | **JOINDER IN NOTICE OF REMOVAL OF ACTION** |
| 23              Defendants. | |

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

  **PLEASE TAKE NOTICE** that defendants Empower Healthcare, LLC, Rural Health Partners, LLC and Jorge A. Perez, by their signatures below, hereby join in Rural Community Hospitals of America's and Paul L. Nusbaum's Notice of Removal of the state court action described in the said Notice of Removal.


Dated:  August 17, 2017   By: /s/ _____
                  Empower Healthcare, LLC
                  By its managing member
                  Jorge A. Perez


Dated:  August 17, 2017   By: /s/ _____
                  Rural Health Partners, LLC
                  By its managing member
                  Jorge A. Perez


Dated:  August 17, 2017   By: /s/ _____
                  Jorge A. Perez

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 23 Corporate Plaza, Suite 150, Newport Beach, CA 926. On August 21, 2017, I served the foregoing document described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) DIVERSITY** on the following person(s) who is/are counsel in this case for plaintiff Votum Staffing, Inc. in the manner indicated:

**Jonathan Mark Levitan**
**Law Offices of Jonathan Mark Levitan**
**11620 Wilshire Blvd, Ste 900**
**Los Angeles, CA 90025**
**Email:** jonathanlevitan@aol.com

**[ X ]   (BY MAIL)**  I am familiar with the practice of Conti Law for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Conti Law, Newport Beach, California, following ordinary business practices.

**[ ]   (BY OVERNIGHT MAIL)**  I am familiar with the practice of Conti Law for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx/Overnite Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite Express at Conti Law, Newport Beach, California, following ordinary business practices.

**[ ]   (BY FACSIMILE TRANSMISSION)**  On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 791-8556, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ x ]   (BY ELECTRONIC MAIL)**  On this date, from my email address of aconti@conti-law.com I caused a copy of said document to be transmitted via electronic mail to the e-mail addresses listed above.

**[ ]   (BY MESSENGER SERVICE)**  I served the documents by placing them in an envelope or package addressed to the person at the addresses listed above and/or providing them to a professional messenger service for service. *[Declaration of Messenger attached separately.]*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 21, 2017, at Newport Beach, California.

/s/_____
Alexander L. Conti