UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-17-6172-MWF (PJWx)  Date: November 20, 2017
Title: Jack Eskenazi d/b/a American Health Care Capital v. Rural Community Hospitals of America, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT'S ORDER

In June 2017, Plaintiff commenced an action against Rural Community Hospitals of America ("RCHA"), Paul L. Nusbaum (RCHA and Nusbaum together, the "RCHA Defendants"), Empower Healthcare LLC ("Empower"), Rural Health Partners, LLC ("RHP"), and Jorge A. Perez (Empower, RHP, and Perez collectively, the "Perez Defendants") in Superior Court. (*See* Complaint (Docket No. 1) at 7-16). On August 21, 2017, the RCHA Defendants removed the case, invoking this Court's diversity jurisdiction. (*See* Notice of Removal ("NoR") (Docket No. 1 at 1-3)).

On August 25, 2017, the RCHA Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. (the "PJ Motion") (Docket No. 7). On October 19, 2017, following a hearing, the Court issued an Order granting the PJ Motion. (the "October 19 Order") (Docket No. 23). In the October 19 Order, the Court expressed doubts that it had personal jurisdiction over the Perez Defendants (each of which is seemingly domiciled in Florida, none of which would be subject to specific jurisdiction based upon the allegations in the Complaint, and none of which has appeared), and ordered Plaintiff to show cause, by no later than November 6, 2017, why the action against the Perez Defendants should not be dismissed for lack of personal jurisdiction, without prejudice to proceeding in another court that has personal jurisdiction. (the "OSC"). Plaintiff has not responded to the OSC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6172-MWF (PJWx)                Date:  November 20, 2017
Title:    Jack Eskenazi d/b/a American Health Care Capital v. Rural Community Hospitals of America, et al.

It is well-established that a district court has authority to dismiss a plaintiff's action due to his failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution and failure to comply with the OSC is warranted. Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.